# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# BIG STONE GAP DIVISION

| | | |
|---|---|---|
| **STEPHANIE MAGGARD,** | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 2:19CV00048 |
| | ) | |
| v. | ) | **OPINION AND ORDER** |
| | ) | |
| **KIDS CENTRAL, INC.,** | ) | By: James P. Jones |
| | ) | United States District Judge |
| Defendant. | ) | |

*Christopher E. Collins and Paul G. Beers,* GLENN FELDMANN DARBY & GOODLATTE, *Roanoke, Virginia, and Gerald L. Gray,* GERALD GRAY LAW FIRM, *Clintwood, Virginia, for Plaintiff; W. Bradford Stallard,* PENN, STUART & ESKRIDGE, *Abingdon, Virginia, for Defendant.*

In this pregnancy discrimination case brought under Title VII and the Pregnancy Discrimination Act, the defendant has moved to dismiss the plaintiff's claim as untimely. In response, the plaintiff seeks leave to amend her complaint, which the defendant contends would be futile. For the reasons that follow, I will grant the plaintiff leave to amend and will deny the Motion to Dismiss as moot.

I.

Plaintiff Stephanie Maggard worked as a classroom assistant at a childcare facility operated by defendant Kids Central, Inc. ("Kids Central") in Norton, Virginia. She claims she was terminated on August 14, 2015, as a result of

unlawful pregnancy discrimination.[1]  She filed an Intake Questionnaire with the U.S. Equal Employment Opportunity Commission ("EEOC") on April 4, 2016, 233 days later.  The Intake Questionnaire is not attached to the Complaint; rather, Maggard submitted it in response to Kids Central's Motion to Dismiss.  The Complaint alleges that she filed a claim with the EEOC on July 11, 2016, 331 days after her alleged termination.  Her Charge of Discrimination dated July 11, 2016, is attached to the Complaint as Exhibit 7.

On the Intake Questionnaire dated August 14, 2015, Maggard checked a box indicating she believed her employer had discriminated against her, and she provided her employer's name and contact information.  She checked another box stating the reason for her claim of employment discrimination was pregnancy.  She identified the person responsible as "Allen Couch – Human Resources."  Pl.'s Mem. Opp'n  Mot. Dismiss Ex. A at 2, ECF No. 8-1.  In response to the questions, "What reason(s) were given to you for the acts you consider discriminatory?  By whom?  His or Her Job Title?" she wrote, "Allen Couch – he stated I was a liability and they could not allow me to work."  *Id.*  She listed six other Kids Central employees whom she indicated had been allowed to work even though

---

[1] Maggard claims she was told on July 31, 2015, that she could no longer work, but that she was not provided a notice of termination until August 14, 2015.  For purposes of determining whether she timely filed a charge with the EEOC, it is irrelevant which date is viewed as her termination date.  Under the plaintiff's theory, she timely filed a charge regardless of which date is used, and under the defendant's theory, her charge was untimely regardless of which date was used.

they were pregnant.

Maggard checked a box on the form indicating that she had "[n]o disability but the organization treats me as if I am disabled." *Id.* at 3. In response to the question, "What is the disability that you believe is the reason for the adverse action taken against you? Does this disability prevent or limit you from doing anything? (e.g., lifting, sleeping, breathing, walking, caring for yourself, working, etc.)," Maggard wrote, "My doctor advised I could not lift over 30 pounds." *Id.* She marked that she had verbally asked Couch for changes to or assistance with her job due to her disability. She wrote, "I asked Mr. Couch if the other two workers in the classroom could be responsible for lifting the children over 30 pounds. . . . He said he didn't know, asked if their job duties were the same as mine, and never mentioned it again." *Id.*

Near the end of the Intake Questionnaire appeared the following paragraph:

> **Please check one of the boxes below to tell us what you would like us to do with the information you are providing on this questionnaire.** If you would like to file a charge of job discrimination, you must do so either within 180 days from the day you knew about the discrimination, or within 300 days from the day you knew about the discrimination if the employer is located in a place where a state or local government agency enforces laws similar to the EEOC's laws. **If you do not file a charge of discrimination within the time limits, you will lose your rights. If you would like more information before filing a charge or you have concerns about EEOC's notifying your employer, union, or employment agency about your charge, you may wish to check Box 1. If you want to file a charge, you should check Box 2.**

*Id.* at 4. Maggard checked Box 2, which reads:

> I want to file a charge of discrimination, and I authorize the EEOC to look into the discrimination I described above. I understand that **the EEOC must give the employer, union, or employment agency that I accuse of discrimination information about the charge, including my name.** I also understand that the EEOC can only accept charges of job discrimination based on race, color, religion, sex, national origin, disability, age, genetic information, or retaliation for opposing discrimination.

*Id.*

The Charge of Discrimination dated July 11, 2016, and attached to the Complaint, contains additional details. There, Maggard stated, "On July 31, 2015, the reason I was given for not being allowed to work was that I was a liability to the company if something happened to my unborn child." Compl. Ex. 7, ECF No. 1-8. She further stated that she was discharged, and she verified the form.

On October 4, 2018, the EEOC issued a determination that "there is reason to believe that a violation has occurred" and stated that it would attempt informal conciliation. Compl. Ex. 8 at 1, ECF No. 1-9. On September 11, 2019, the EEOC issued Maggard a Notice of Right to Sue (Conciliation Failure) ("Notice"). The Notice is not attached to the Complaint, but Maggard submitted it with her response to Kids Central's Motion to Dismiss. Maggard filed her Complaint in this court on December 9, 2019.

Kids Central argues that the Complaint's allegations show that Maggard (1) did not file a charge with the EEOC within 300 days of her alleged termination,

and (2) did not commence suit within 90 days of receiving notice from the EEOC of her right to sue.² Kids Central contends that Maggard should not be allowed to cure these defects by submitting additional documents in response to the Motion to Dismiss.

Kids Central further argues that amending the Complaint to add the Intake Questionnaire and Notice, as Maggard requests, would be futile because the Intake Questionnaire cannot serve as a charge of discrimination. Maggard disagrees, arguing that the Intake Questionnaire meets the regulatory requirements of a charge and that the later-filed Charge of Discrimination served to amend it, thereby relating back to the date the Intake Questionnaire was filed. The current dispute thus hinges on whether the Intake Questionnaire qualifies as a charge of discrimination, rendering Maggard's claim timely filed with the EEOC.

II.

A party may seek leave to amend a complaint, and the court should "freely give leave when justice so requires."³ Fed. R. Civ. P. 15(a)(2). "This directive

---

² Kids Central's second argument was based on a belief that Maggard intended the October 4, 2018, determination letter to serve as the EEOC's notice of suit rights. Having been presented with the Notice in response to its Motion to Dismiss, Kids Central appears to drop its argument regarding the timeliness of Maggard's Complaint in this court, which was clearly filed within 90 days of the September 11, 2019 Notice.

³ Maggard could have amended her Complaint as a matter of course within 21 days of service of the Motion to Dismiss. Fed. R. Civ. P. 15(a)(1)(B). Instead, she chose to file a response in opposition to the Motion to Dismiss just four days after the motion was filed, and she requested leave to amend in her response.

gives effect to the federal policy in favor of resolving cases on their merits instead of disposing of them on technicalities." *Matrix Capital Mgmt. Fund, LP v. BearingPoint, Inc.*, 576 F.3d 172, 193 (4th Cir. 2009) (internal quotation marks and citation omitted). "This means that a request to amend should only be denied if one of three facts is present: 'the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or amendment would be futile.'" *Mayfield v. Nat'l Ass'n for Stock Car Auto Racing, Inc.*, 674 F.3d 369, 379 (4th Cir. 2012) (quoting *Matrix Capital*, 576 F.3d at 193). Here, Kids Central argues that amending the Complaint to add the Intake Questionnaire would be futile because it does not qualify as a charge and therefore cannot render Maggard's claim to the EEOC timely.

Before filing in federal court a claim of discrimination under Title VII of the Civil Rights Act of 1964 ("Title VII"), the claimant must timely file a charge of discrimination with the EEOC. 42 U.S.C. § 2000e–5(e)(1), (f)(1). In a so-called deferral state like Virginia, the claimant must file her EEOC charge within 300 days of the date of the allegedly discriminatory act. 42 U.S.C. § 2000e-5(e)(1).

The statute does not define "charge," but the applicable regulation provides,

> [A] charge is sufficient when the Commission receives from the person making the charge a written statement sufficiently precise to identify the parties, and to describe generally the action or practices complained of. A charge may be amended to cure technical defects or omissions, including failure to verify the charge, or to clarify and amplify allegations made therein. Such amendments and amendments

> alleging additional acts which constitute unlawful employment practices related to or growing out of the subject matter of the original charge will relate back to the date the charge was first received.

29 C.F.R. § 1601.12(b). A filing may serve as a timely charge even if it is not verified until a later date. *Edelman v. Lynchburg College*, 535 U.S. 106, 109 (2002). An intake questionnaire can serve as a charge of discrimination even though it is not labeled as such, as long as it meets the statutory and regulatory requirements for a charge. *See Fed. Express Corp. v. Holowecki*, 552 U.S. 389, 404 (2008) (Age Discrimination in Employment Act case). "Documents filed by an employee with the EEOC should be construed, to the extent consistent with permissible rules of interpretation, to protect the employee's rights and statutory remedies." *Id.* at 406.

I find that the Intake Questionnaire was sufficiently specific to serve as a charge. It clearly identified the parties and, viewed in the light most favorable to Maggard, explained the basis of her claim. Maggard indicated on the questionnaire that she was claiming pregnancy discrimination, that her doctor had restricted her to lifting no more than 30 pounds, that she asked Couch if coworkers could assist her in lifting any heavier children should the need arise, that Couch did not grant that request, and that Couch told her she was a liability and was not allowed to work.

Kids Central asserts that the Intake Questionnaire is inadequate because it

does not directly tie Couch's statement to Maggard's pregnancy and does not explicitly state that she was terminated. One could reasonably infer, however, that when Maggard wrote that she was not allowed to work, she was conveying that she was fired. Likewise, the questionnaire raises a reasonable inference that Couch meant that Maggard was a liability because of her pregnancy and lifting restriction.

"An EEOC charge simply is not held to the same standard as a federal court complaint . . . ." *Agolli v. Office Depot, Inc.*, 548 F. App'x 871, 876 (4th Cir. 2013) (unpublished). Maggard's statements in the Intake Questionnaire are sufficient to meet § 1601.12(b)'s minimum requirements for a charge. Moreover, the form's language could be construed as suggested that checking Box 2, as Maggard did, constitutes filing a charge.

Because Maggard filed the Intake Questionnaire within 300 days of her termination, she timely filed a charge with the EEOC. The later filing of the Charge of Discrimination, which clarified her statements in the Intake Questionnaire and was verified, relates back to the date on which she filed her Intake Questionnaire, pursuant to the regulation. I therefore conclude that amending the Complaint to add the Intake Questionnaire would not be futile, and I will grant Maggard leave to amend. I will deny the Motion to Dismiss as moot in light of the forthcoming amended complaint.

III.

For the reasons stated, it is **ORDERED** as follows:

1. Plaintiff Stephanie Maggard's request to amend the Complaint is GRANTED;

2. Maggard shall file an amended complaint within 7 days of the entry of this Opinion and Order; and

3. Defendant Kids Central, Inc.'s Motion to Dismiss, ECF No. 5, is DENIED AS MOOT.

    ENTER: March 31, 2020

    /s/ *JAMES P. JONES*
    United States District Judge